# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/13/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** James W. Franklin

**Case Number:** 98-10968

### Document Information

**Description:** Order Granting [403-1] Motion To Extend Claims Bar Date for Tax Claims. by New Mexico Department of Taxation and Re ; Proof of Claim (gov) Due: 8/31/01 Granting [452-1] Joinder by Internal Revenue Service .

**Received on:** 2001-07-30 10:13:14.000

**Date Filed:** 2001-07-30 10:13:14.000

**Date Entered On Docket:** 2001-07-30 00:00:00.000

### Filer Information

**Submitted By:**

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re:

    JAMES W. FRANKLIN,                    No. 11-98-10968 MA

           Debtor.

## ORDER GRANTING MOTION TO EXTEND CLAIMS BAR DATE

THIS MATTER came before the Court on the Motion to Extend Claims Bar Date filed by the New Mexico Taxation and Revenue Department and the United States Internal Revenue Service's Joinder To Motion To Extend Bar Date For Tax Claims (collectively, the "Motion"). The Court, having read and considered the Motion, conducted an evidentiary hearing, and reviewed the memoranda submitted by all interested parties, FINDS:

1. Debtor filed this Chapter 11 bankruptcy petition on February 18, 1998.

2. As part of dissolution of marriage proceedings, the Second Judicial District Court, Bernalillo County, New Mexico (DM-96-3696) Judge Anne Kass determined that the Debtor failed to disclose the existence of a contract between the Debtor and Sunway PMI-Pile Construction SDN ("Sunway Contract"), awarded Debtor's former spouse, Coralie S. McGuire ("McGuire"), one half the fair market value of the Sunway Contract, and entered a judgment against the Debtor and in favor of McGuire in the amount of $1,425,000, representing one-half the value of the Sunway Contract, plus interest. *See* Court's Findings of Fact, Conclusions of Law and Order filed in *Coralie Franklin McGuire v. James W. Franklin,* Second Judicial District Court Case No. DM 96-3696 on July 21, 1998.

3. On July 6, 1998, the United States Internal Revenue Service ("IRS") timely filed a proof of

claim showing an unfiled income tax return for the tax year 1997 and a tax liability of $283.82 due for the tax year 1996. On July 24, 1998, the Debtor filed his 1997 income tax return reporting wages of $8,400.00 and seeking a refund of $259.00. This return was posted on the IRS computer system on August 24, 1998.

4. Based on the posting of the 1997 return, the IRS amended its proof of claim on October 13, 1998 to remove the estimated liability for the 1997 tax year.

5. Sometime later, Debtor paid the 1996 income tax liability of $283.82.

6. On May 28, 1999, the IRS received a notice setting July 25, 1999 as the bar date for filing claims in the Debtor's bankruptcy. *See*, United States of America, (IRS) Joinder To Motion To Extend Bar Date For Tax Claims ¶ 9.

7. On August 3, 2000, the IRS sent a letter to the bankruptcy court stating that it was withdrawing its proof of claim in the amount of $283.82.

8. Sometime thereafter, the IRS became aware of the Debtor's potential unreported income from the Sunway Contract and on September 22, 2000, the IRS filed amended proof of claim estimating a 1997 tax liability of $252,913.00.[1] On September 29, 2000, the IRS officially opened an audit of the Debtor's 1997 income tax year.

---

[1] Also on September 22, 2000, this Court entered a Stipulated Interim Distribution Order. The order provides, inter alia, that the amount of $145.00 shall be distributed to NMTRD representing full payment of its claim. The order further states that no amount would be distributed to the IRS because it was in the process of examining the Debtor's 1997 tax return. The order then states, "[o]nce the IRS concludes its investigation, the allowed amount of the IRS amended Proof of Claim shall be paid in full from the estate, in accordance with an order of distribution approved by the Court or a Confirmed Plan." Stipulated Interim Distribution Order
¶ 4.

9. On October 5, 2000, the New Mexico Taxation and Revenue Department ("NMTRD") filed a Motion to Extend Claims Bar Date For Tax Claims stating that the outcome of the IRS audit may require the Debtor to file an amended state tax return, which may necessitate its filing of an amended claim in the bankruptcy.[2] The Debtor and McGuire filed objections to the Motion. The IRS filed its Joinder to the Motion on January 26, 2001. At the end of the evidentiary hearing held on May 2, 2001 the Court ordered letter briefs to be filed within 10 days.[3]

10. On December 8, 2000, McGuire filed a second amended plan. The plan has not been confirmed.

## DISCUSSION

The taxing authorities urge this court to extend the claims bar date for cause to "permit late filing [because their] failure to comply with an earlier deadline 'was the result of excusable neglect.'" *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 382, 113 S.Ct. 1489, 1491, 123 L.Ed. 74 (1993) (quoting, Fed. R. Bankr. P. 9006(b)(1)). In *Pioneer*, the Supreme Court emphasized that excusable neglect was not limited to errors caused by circumstances beyond the late-filing party's control and concluded that the concept of neglect was "somewhat elastic" and could include "inadvertent delays." *Id.* 507 U.S. at 392. The Court stressed that the determination of whether a party's neglect of a deadline was excusable was "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. In considering whether a

---

[2] The timely claim of the NMTRD for gross receipts taxes has been paid in full. The NMTRD's initial proof of claim did not include any delinquent income taxes.

[3] For purposes of this opinion when the court refers to the IRS and the NMTRD collectively, they will be referred to as the "taxing authorities."

3

late filed claim is due to excusable neglect, *Pioneer* sets forth the following factors for courts to examine:

> the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.*

Applying these factors to the facts of this case, the Court finds that the taxing authorities' failure to file a timely proof of claim was due to excusable neglect.

The first and foremost inquiry is whether the Debtor will be prejudiced. *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.),* 62 F.3d 730, 737 (5th Cir. 1995).

The Debtor will not be prejudiced by extending the claims bar date. Significantly, any resulting tax liability stemming from the Debtor's 1997 income tax return will be a nondischargeable priority claim. 11 U.S.C. §§ 507(a)(8)(A), 523(a)(1)(A) and 1141(d)(2).[4] Moreover, providing for the determination of the tax claims in bankruptcy will obviate the need to litigate these claims in another forum. Notably, the Debtor and McGuire were aware of the IRS audit and potential new claim long before a plan was proposed and even referred to the audit in the Interim Distribution Order described *supra* in footnote 1. Especially in light of the state court's finding, the Debtor should have expected a substantial claim by the taxing authorities from the outset. *See, Eagle Bus*, 62 F.3d at 738 (stating that

---

[4]*See, De Paolo v. United States Internal Revenue Service, (In re De Paolo*), 45 F.3d 373, 376 (10th Cir. 1995)(stating "the confirmation of a plan of reorganization does not fix tax liabilities made nondischargeable under 11 U.S.C. § 523")(quoting, *United States v. Gurwitch (In re Gurwitch),* 794 F.2d 584 (11th Cir. 1986)).

4

expectation of claim is one factor to consider in determining if the debtor is prejudiced.).[5]

The second factor to consider is the length of the delay caused by the late filing and the reason for the delay and its effect on judicial administration. The IRS filed its amended claim and the NMTRD filed its Motion to Extend Claims Bar Date more than a year after the claims bar date. However, the information relevant to the tax assessment for 1997 was in the Debtor's control. The Debtor did not file his return until July 1998 and did not disclose information regarding the Sunway Contract to the taxing authorities and this Court. Until they received notice of the Interim Distribution Order, the taxing authorities had no reason to doubt the veracity of the 1997 return showing minimal income.[6] Immediately after receiving notice of the Interim Distribution Order, the IRS opened an audit and filed an amended claim. Soon thereafter, the NMTRD filed its Motion to Extend Claims Bar Date. The Debtor could have easily avoided this delay with full disclosure. Additionally, with the absence of a confirmed plan, the administration of the case will not be significantly affected. This is especially true given that the only major creditors in this bankruptcy are McGuire and the taxing authorities. *See, In re Papp Int'l Inc.*, 189 B.R. 939, 945 (Bankr. D. Neb. 1995)(finding excusable neglect for late claim when competing plans had been filed but not confirmed and noting that IRS claim would have to be dealt with whether allowed to be filed late or not). Even though this case has involved extensive litigation, particularly claims objections by the Debtor to claims of corporations in which he was a

---

[5] *See also, In re O'Brien Environmental Energy, Inc.,* 188 F.3d 116, 128 (3rd Cir. 1999)(recognizing as part of prejudice analysis, debtor's awareness of claim).

[6] At the evidentiary hearing on the Motion, McGuire testified that she made an attempt to inform the IRS of the undisclosed income sometime in the Spring of 1999. The Court finds this evidence insufficient to support a finding that the IRS had knowledge of potential unreported income before the claims bar date.

5

principle, the taxing authorities had no reason to involve themselves until they received notice of the Interim Distribution Order. *See id.* at 944 (recognizing significant litigation in case but finding no prejudice because litigation was concerning other creditors' interests and had not moved the case forward). In sum, the second factor weighs in favor of allowing the taxing authorities' to file late claims.

The next two factors involve whether the delay was within the reasonable control of the movant and whether the movant acted in good faith. As discussed *supra*, it is not clear how the taxing authorities could have acted more reasonably since they had no information that would lead them to question the 1997 income of the Debtor. It is clear that the taxing authorities' mistake was based on circumstances beyond their control. *Id.* at 948.[7] Once the IRS became aware of possible unreported income, it began audit proceedings and filed an amended claim. The audit proceedings were initiated well within the three year statute of limitations given to the IRS to assess additional tax liability or to begin deficiency proceedings. 26 U.S.C. § 6501. Additionally, there was no evidence that would cause the Court to question the taxing authorities' good faith. In summary, the equities favor a finding of excusable neglect.

For the above reasons, the Court will grant the Motion and extend the claims bar date.

---

[7] *Cf. In re Limited Gaming of America, Inc.*, 213 B.R. 369, 377 (Bankr. N.D.Okla. 1997)(finding no excusable neglect where IRS had started audit before bar date, did not indicate claim as an estimate and pursuant to internal procedures treated bar dates lightly).

6

**WHEREFORE, IT IS HEREBY ORDERED** that the Motion is granted and the taxing authorities have until August 31, 2001 to file amended claims for 1997 income taxes.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I hereby certify that a true and correct copy of the foregoing was either electronically transmitted, faxed or mailed to the following parties on the above file-stamped date:

Shay E. Meagle
PO Box 30707
Albuquerque, NM 87190-0707

Steven Tal Young
500 Marquette, NW, Suite 640
Albuquerque, NM 87102-5303

Donald F. Harris
NM Taxation & Revenue Dept.
PO Box 22690

Rachael Zepeda
210 East Earll Dr.
Phoenix, AZ 85012

Manuel Lucero
PO Box 607
Albuquerque, NM 87103

_____
Ellen C. Snyder,
Law Clerk
(505)248-6526

7